

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 20, 1958

Hon. William A. Harrison
Commissioner of Insurance
International Life Building
Austin, Texas

Opinion No. WW-432

Re: Applicability of Articles 1.06
and 1.09-3, Texas Insurance
Code, as amended, Acts 1957,
to the full time permanent
employees of the Liquidation
Division and special attorneys
in private practice who are
engaged to represent the Liq-
uidator on particular matters
relating to specific receiver-

Dear Sir:
ship estates.

  You have asked this office for its opinion concerning the
applicability of Articles 1.06 and 1.09-3 of the Texas Insurance Code,
as amended, Acts 1957, to (1) the full time permanent employees of the
Liquidation Division; and (2) the contingency fee or retainer attorneys
who are in private practice but are engaged by the Liquidator with the
approval of the Board to represent the Liquidator on particular matters
relating to specific receivership estates. These two articles are both
directed, among other things, at the control of the activity of certain
officers, employees and agents of the State Board of Insurance and the
Commissioner of Insurance and your inquiry requires a discussion of
the capacity in which the employees and attorneys engaged in liquida-
tion matters serve.

  The amendment to Article 1.06 and the addition of Article
1.09-3 to the Texas Insurance Code were embodied in the Acts 1957, 55th
Legislature, page 1457 (sometimes referred to as S. B. 222 and as the
Insurance Reorganization Bill). Article 1.06 is in part as follows:

  "No person who is a stockholder, director, officer,
attorney, agent or employee of any insurance company, in-
surance agent, insurance broker, or insurance adjuster,
or who is in any way directly or indirectly interested in
any such business, shall . . . be appointed to, or accept,
any <u>office</u> or <u>employment</u> under said Board or Commissioner
of Insurance; provided, however, that such ineligibility
shall not extend or apply to persons . . . who, in their
official capacity, are appointed as a receiver, liquida-
tor, or conservator for an insurer."

S. B. 222 in the amendment of Article 1.06 in essence reenacted the former provisions of Article 1.09 of the Texas Insurance Code.

Article 1.09-3 of the Insurance Code as added in 1957, is in part as follows:

"(a)  It shall be unlawful for . . . any _employee_ or _agent_ of the State Board of Insurance to accept any money, gift, or anything of value or agree to accept any money, gift, or anything of value, or to sell or offer to sell anything of value, or to buy or offer to buy anything of value from or to any insurance company or agent or employee of any insurance company . . ."

Section 12 of Article 21.28 of the Texas Insurance Code, as amended, provides for appointment and removal of the Liquidator of all insurance companies by the "Board of Insurance Commissioners" and gives the "Board" the power to appoint and fix the compensation "of such special deputy liquidators, counsel, clerks, or assistants as it may deem necessary". The payment of such compensation is required to be made by the Liquidator out of the funds or assets of the delinquent insurance companies on approval of the "Board".

By the terms of S. B. 222 enacted in 1957, the Board of Insurance Commissioners was abolished and its functions placed under the State Board of Insurance and Commissioner of Insurance therein provided for.

You have conveyed to this office, both by the letter of request and by conference, factual circumstances in the appointment and employment of certain personnel under the provisions of Article 21.28. The State Board of Insurance has authorized the Liquidator to employ a complete staff of clerks, stenographers, and other employees, including several attorneys on a salary basis. These employees are required to devote their full time to the activities of the Liquidation Division. The attorneys are furnished office space, supplies, and stenographic help to the extent and in the manner determined necessary by the Liquidator. The Liquidator is charged with the responsibility of allocating the efforts of these attorneys and the other permanent employees of the Liquidation Division in such manner and to such receivership estates as the Liquidator deems expedient. For example, one of the attorneys has been assigned the task of handling the claims in litigation in the different receivership estates, another is generally orientated to handling the collection of agents' accounts in the different receivership estates. The Liquidator supervises in complete detail the manner in which these full time employees, other than the attorneys, carry out their responsibility. To a lesser and varying degree the Liquidator supervises the manner in which these attorneys perform their duties. These full time employees, including the attorneys, are expected

and required to maintain office hours in line with rules governing state employees at the place of business of the Liquidator. Their compensation is a yearly salary and is paid twice a month.

On the other hand, the Board and the receivership courts have further authorized the Liquidator to engage other attorneys who are in private practice. These special attorneys represent the Liquidator only in accordance with their contract in matters relating to a specific receivership. The compensation for these special attorneys is fixed by contract and is either on a contingency fee, retainer or per case basis. These attorneys are not furnished office space, stenographic help, or supplies, but furnish these items in the usual course of their private law practice. Nor does the Liquidator supervise such attorneys as to when or how to work or what hours to keep; nor are these attorneys responsible in the manner of their work and are free to employ such assistants as they deem necessary to carry out the responsibilities contracted for.

The compensation paid to full time employees (including the full time attorneys) and the special attorneys in private practice is paid out of the funds of receivership estates (as distinguished from state funds appropriated by the Legislature) pursuant to the provisions of Section 12(b) of Article 21.28, Texas Insurance Code.

In this opinion we will confine our discussion to whether or not these described individuals under the facts above stated have any "office or employment under said Board or Commissioner" in the terms of Article 1.06, or are "employees or agents of the State Board of Insurance" under Article 1.09-3.

In this context the language used by the Legislature in these two articles is not without ambiguity.

We will first discuss the situation with reference to a special attorney in private law practice.

Initially, it is clear that in the normal sense, such attorney in private practice is not the "agent" of the State Board of Insurance, even considering that he has been "appointed" by the Board. Rather, such attorney by virtue of his special and limited contractual commitments to attain specific results with relation to a specific receivership estate is in effect acting for the benefit of such specific receivership estate. He is not laboring in behalf of some regulatory interest of the State of Texas, but rather in behalf of the private interest of the creditors of the specific estate and is ultimately accountable to such creditors. He sues or acts as an attorney in their behalf and not in behalf of the State of Texas. Thus, we conclude that such special attorney in private practice is not an "agent" of the State Board of Insurance under the terms of Article 1.09-3.

We are further of the opinion that such special attorney in private practice is not an "employee" of the Board nor does he hold any "office or employment" under said Board or Commissioner of Insurance. We believe that this matter is governed by two opinions issued by Attorney General Daniel and written by the Honorable Joe R. Greenhill, then Assistant Attorney General, being Opinion Nos. V-303 and V-345, dated July 15, 1947, and August 15, 1947, respectively. Each of these two opinions concerned the prohibition in Section 33 of Article XVI of the Texas Constitution, the pertinent provisions of which are as follows:

"The accounting officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer, or appointee, who holds at the same time any other office or position of honor, trust or profit under this State . . ."

In each of these opinions it was held that an independent contractor engaged by the State agency was not holding an "office" or "position" as those terms were used in Section 33 of Article XVI. It is significant that the term "position" was given the same meaning as the term "employment". In the former opinion it was held that the employment of a full time employee of the State Highway Department by the Austin Independent School Districts to conduct a survey of the Austin School System and make recommendations for the location of new school sites, created the relation of independent contractor and therefore such employment did not violate Section 33 of Article XVI. In the latter opinion it was held that an actuary could be engaged by the Employees Retirement System of Texas even though he was a consulting actuary for another state department, the capacity of the actuary with the Employees Retirement System being in the nature of an independent contractor.

As is pointed out in Opinion No. V-303, the construction that an individual engaged as an independent contractor by a State agency did not hold an office or position under Section 33 of Article XVI of the Texas Constitution is supported by Attorney General opinions of long standing. Since the legal propositions are fully and accurately set forth in these two opinions, it would serve no useful purpose to expound again such matters.

We are of the opinion that the construction given the terms "office" and "position" are applicable in determining the sense in which the words "office" and "employment" or "employee", respectively, were used in Articles 1.06 and 1.09-3. We believe this to be particularly true since in both the constitutional provision and the provisions in the Insurance Code the primary purposes are the regulation of the conduct of those acting in behalf of the State. Additionally, there is no suggestion in S. B. 222 that a contrary construction was intended.

It then becomes incumbent to determine whether the special attorneys in private practice under the circumstances enumerated above are independent contractors within the meaning of that term in Opinions V-303 and V-345. In Opinion No. V-345 the following language appears:

"However, an independent contractor occupies neither an office nor a position under the state. He is not an a-gent of the state. He is free to control the details of the work, and may work at such hours as he may see fit; he is free to employ or discharge assistants without consult-ing anyone connected with the State; and he would be re-sponsible for his own torts and the torts of his employees. The Employees Retirement System is merely interested in the results of his work, to-wit, the actuarial tables and in-formation to be furnished by him."

It is our opinion that applying the above quoted test that such special attorneys in private practice under the circumstances men-tioned above would not be considered as holding any office or employ-ment under the Board or Commissioner, nor could they be considered em-ployees or agents of the Board under the terms of Articles 1.06 and 1.09-3 of the Texas Insurance Code.

We would further point out that without question the primary purpose of both Articles 1.06 and 1.09-3 is to protect and guard against persons charged with regulating the insurance industry having relations with such insurance industry that create conflicts of interest. Mani-festly, such a conflict of interest in the foreseeable current of events will not arise insofar as special attorneys hired in private practice. Their duties do not require them to participate in the regulation of the insurance industry. Indeed, their duties in connection with the receivership estates will differ hardly at all with the duties ordinarily entertained by an attorney engaged by a going insurance company and there would apparently be no greater conflicts of interest than in the usual and ordinary repeated instances of attorneys in private practice having many different insurance companies as clients.

While many of the factors mentioned in relation to the attorneys in private practice could be said to apply to "full time" attorneys as well as the other full time employees of the Liquidator, we are of the opinion that such full time attorneys and other full time employees hold "employment under the Board or Commissioner" under the provisions of Article 1.06 and are employees of the Board as that term is used in Article 1.09-3. By way of contrast, "full time" attorneys and employees are required to expend their time and effort at the direction of the Liquidator. They are subject to the control and direction of the Liq-uidator in the manner in which they perform their duties. There still remains a question as to the division of control and direction between the courts on the one hand and the administrative agency on the other

in administering Article 21.28. In any event, only the Liquidator appointed by the Board has the authority and capacity to allocate the time and effort of these full time attorneys and employees among the various receivership matters. Assuming that the Court may have some power of direction over the activities of such full time attorneys and employees, insofar as they relate to the specific receivership estate, the Court cannot, because of a lack of jurisdiction, allocate the efforts of such individuals among the different receivership estates in the different courts.

However, even recognizing these distinctions, there might be some doubt as to the applicability of the two articles in question to these full time attorneys and employees in view of the fact that they are not paid from state funds and are generally laboring not in behalf of essentially state interests but private interests. The fundamental purpose of any construction of legislative language is to determine the legislative intent. Pertinent is Opinion No. S-141, dated September 29, 1954, issued by Attorney General Shepperd. The ultimate holding in this opinion is foreign to the matters here under discussion and we do not pass again on such holding. However, this opinion holds for the purposes therein stated, that the permanent employees working under the Liquidator under the terms of Article 21.28 are state employees. With such a recent pronouncement by the Attorney General, it would not be unusual had the Legislature thought in enacting S. B. 222 in 1957, that the term "employees" used therein included the permanent full time attorneys and employees of the Liquidation Division as they had been characterized as state employees. That such was the intent of the Legislature is evidenced by that portion of Article 1.06, which in context reads as follows:

"No person . . . who is in any way . . . interested in any [insurance company] shall . . . be appointed to or accept, any office or employment under said Board or Commissioner of Insurance; provided, however, that such ineligibility shall not extend or apply to persons . . . who, in their official capacity, are appointed as a receiver, liquidator, or conservator for an insurer."

Beyond question, the Legislature thought that the Liquidator held an office or employment under the Board or Commissioner of Insurance. The language used is susceptible of but one construction, that is, that the Liquidator holds an office or employment under the Board or Commissioner and is not rendered ineligible for such office or employment by the clause excluding those who have an interest in an insurance company by virtue of his interest as Receiver, etc. of an insurance company.

Having thus concluded that the Legislature considered the Liquidator the holder of an office or employment under the Board or

Commissioner, for the purposes of Article 1.06, we can only conclude in view of the previous declaration in Opinion No. S-141 holding that the permanent employees were State employees, that the Legislature intended the full time attorneys and employees to be also covered by Article 1.06. We further conclude that inasmuch as the addition of Article 1.09-3 to the Insurance Code was accomplished by the same Act (S. B. 222) that a similar intent must be attributed to the Legislature in the use of the term "employee" in Article 1.09-3. We hold that the full time attorneys and employees of the Liquidator are subject to the provisions of Articles 1.06 and 1.09-3 of the Texas Insurance Code, as amended.

Nothing in this opinion should be construed so as to prevent the "full time" attorneys and employees from being compensated out of the estates of delinquent insurers.

SUMMARY

> Special attorneys in private practice engaged by
> the Liquidator under the circumstances in question
> do not hold an office or employment under the State
> Board of Insurance or Commissioner of Insurance un-
> der the terms of Article 1.06 of the Texas Insur-
> ance Code, nor are they employees or agents of the
> State Board of Insurance under the provisions of
> Article 1.09-3 of the Texas Insurance Code. Full
> time attorneys and employees of the Liquidator are
> subject to the provisions of Articles 1.06 and
> 1.09-3 of the Texas Insurance Code.

Yours very truly,

WILL WILSON
Attorney General of Texas

FBW:lm

APPROVED:

OPINION COMMITTEE:

Houghton Brownlee, Jr., Chairman

Wallace P. Finfrock
Lawrence Jones
J. Mark McLaughlin
Mary K. Wall

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    W. V. Geppert

By Fred B. Werkenthin
    Fred B. Werkenthin
    Assistant